UNITED STATES DISTRICT COURT
Southern District of Florida



John A. Olagues, Pro Se
413 Sauve Rd
River Ridge, La. 70123
olagues@gmail.com
504-305-4071
     and
Ray Wollney, Pro Se
8331 Whiskey Preserve Circle #421
Fort Myers, Fl. 33919
 rwollney1@comcast.net
 239-690-7754,
Shareholders of Opko Health Inc

Plaintiffs

V.

Phillip Frost, M.D. et al
CEO and Chairman of OPKO Health and
OPKO Health Inc.

Defendants

Private Right of Action
Under Section 16 (b) of the
Securities Act of 1934
Civil Action no.

## COMPLAINT
## JURY TRIAL DEMANDED

1. Plaintiffs, allege, based upon knowledge with respect to the facts relating to defendants upon information and belief with respect to all other allegations, as follows:

## INTRODUCTION

2. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order recover for OPKO Health Inc, short-swing insider trading profits realized by defendant Phillip Frost, M.D. while he was a statutory insider of OPKO Health, Inc.

1

3. Dr. Frost at all relevant times was an officer of OPKO Health, Inc. within the meaning of Section 16(b) of the 1934 Act.

4. Section 16(b) requires company insiders to disgorge any profits earned by Section 16 (b) insiders through short-swing insider trading (i.e.,non-exempt purchases and sales, or non-exempt sales and purchases, of the company's equity securities, within less than a six month period). Actual misuse of inside information is not a necessary element of the claim although the statute embodies a presumption that statutory insiders have access to such inside information.

## PARTIES

Plaintiff, John Olagues is a shareholder of OPKO Health, Inc.
Plaintiff, Ray Wollney is a shareholder of OPKO Health, Inc.

Defendant, Phillip Frost, M.D. CEO and Chairman OPKO Health, Inc.
Defendant, OPKO Health, Inc.

5. OPKO Health, Inc. Common Stock is registered with the SEC pursuant to Section 12 of the Exchange Act and the Common Stock trades on the NYSE under the symbol OPK .

6. OPKO Health Inc is a necessary party as this action is brought by Plaintiffs in order to obtain a recovery for the firm, OPKO Health Inc .

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].

8. Venue is properly laid in this District because Defendant Phillip Frost M.D. et al are located in this District.

2

## SUBSTANTIVE ALLEGATIONS

9. The matched transactions shown on Form 4s filed with the SEC are listed below. The attached Document Exhibit A and Exhibit B from SEC Form 4.com shows all of the relevant filings by Phillip Frost, M.D. et al as officers and 10% owners when the purchases and disposition were made.

**Phillip Frost M.D. et al**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 70,100 | 9/23/14 | $8.32 | 70,100 | 1/31/15 | $11.78 | $242,546 |
| 63,000 | 9/24/14 | $8.23 | 63,000 | 1/31/15 | $11.78 | $223,650 |
| 33,200 | 11/05/14 | $8.35 | 33,200 | 1/31/15 | $11.78 | $113,876 |
| 35,000 | 10/02/14 | $8.31 | 35,000 | 1/31/15 | $11.78 | $121,450 |
| 10,000 | 10/06/14 | $8.36 | 10,000 | 1/31/15 | $11.78 | $ 34,200 |
| 55,000 | 10/07/14 | $8.29 | 55,000 | 1/31/15 | $11.78 | $191,950 |
| 54,000 | 10/13/14 | $8.20 | 54,000 | 1/31/15 | $11.78 | $193,320 |
| 20,000 | 10/16/14 | $8.33 | 20,000 | 1/31/15 | $11.78 | $ 69,000 |
| 82,300 | 10/10/14 | $8.18 | 82,300 | 1/31/15 | $11.78 | $296,280 |
| 33,600 | 11/04/14 | $8.35 | 33,600 | 1/31/15 | $11.78 | $115,248 |
| 30,000 | 10/17/14 | $8.25 | 30,000 | 1/31/15 | $11.78 | $105,900 |
| 64,800 | 10/22/14 | $8.22 | 64,800 | 1/31/15 | $11.78 | $230,688 |
| 90,000 | 11/07/14 | $8.28 | 90,000 | 1/31/15 | $11.78 | $315,000 |
| 20,000 | 11/14/14 | $8.28 | 20,000 | 1/31/15 | $11.78 | $ 70,000 |
| 22,000 | 11/17/14 | $8.23 | 22,000 | 1/31/15 | $11.78 | $ 78,100 |
| 25,000 | 11/19/14 | $8.17 | 25,000 | 1/31/15 | $11.78 | $ 90,250 |
| 62,500 | 11/20/14 | $8.11 | 62,500 | 1/31/15 | $11.78 | $229,375 |
| 40,000 | 11/21/14 | $8.15 | 40,000 | 1/31/15 | $11.78 | $145.200 |
| 12,400 | 11/13/14 | $8.35 | 12,400 | 1/31/15 | $11.78 | 42,532 |
| 32,500 | 10/30/14 | $8.33 | 32,500 | 1/31/15 | $11.78 | $112,125 |
| 23,600 | 11/03/14 | $8.36 | 23,600 | 1/31/15 | $11.78 | 80,712 |
| 5,623 | 10/31/14 | $8.38 | 5,623 | 1/31/15 | $11.78 | 19,118 |
| 14,377 | 10/31/14 | $8.38 | 14,377 | 1/31/15 | $11.62 | 46,581 |
| 7,146 | 11/06/14 | $8.38 | 7,146 | 1/31/15 | $11.62 | 23,153 |

Total Profit    $3,190,254

The above list is the matched purchases and dispositions resulting in this Section 16(b) claim. All of the dispositions listed on the SEC Form 4s are for payments of the exercise prices of warrants. The dispositions listed on the SEC Form 4s as payment for the exercise prices are not exempt from Section 16 (b) of the 1934 act, since the transactions (i.e. the disposition to the issuer) are "comprehended within the purpose of Section 16(b)" and can not be exempted even if the terms of the dispositions were properly approved under Rule 16 b-3(e). We believe the dispositions were not properly approved as required under SEC Rule 16 b-3(e).

10. All of the Shares Purchased above were market transactions non-exempt from section 16 b. The share dispositions to OPKO Health Inc. were for exercise price payments for warrants that were exercised 2 years prior to their expiration at the sole discretion of Mr. Frost. None of the dispositions were approved with the required specificity to achieve an exemption from Section 16 (b) via of SEC Rule 16 b-3(e). It is certain that Dr. Frost had discretion as to the timing of the exercise of the warrants and therefore had discretion of the timing of the dispositions to the issuer, OPKO Health. Dr. Frost has "superior footing" regarding the dispositions since the issuer Opko was required to accept the dispositions. Thus all of the dispositions were "comprehended within the purpose of 16 (b)" and can not be made exempt from section 16(b) even by approval via 16 b-3(e).

## BASIS FOR INFORMATION AND BELIEF

11. Plaintiff's information and belief is based on, among other things, the SEC Form 4s referenced herein and the violations of the Securities law as described above. Also the American Bar Association, the New York State Bar Association and the SEC in the [RELEASE NOS. 33-8600; 34-52202; 35-28013; IC-27025; File No. S7-27-04] of August 3, 2005 expressed the view that the key consideration when considering possible exemptions from section 16 (b) *"is the absence of the ability to take advantage of the other party on the basis of inside information"*. It is clear that Mr. Frost had the ability to take advantage of the other party (i.e. the issuer) on the basis of inside information, notwithstanding that both parties had the same inside information. The issuer, OPKO Health, was unable to use the inside information and was required to accept the disposition.

12. These entities, the American Bar Association, the SEC and the NY State Bar Association also expressed the view that SEC Rule 16 b-3(e) "exempts only transactions involving parties on an **equal footing** from the standpoint of knowledge of inside information". Here there was no **equal footing** since the defendant could use his inside information to chose exactly when the warrants were to be exercised and the date of the disposition to the issuer and the method of payment of the exercise price. And the issuer, OPKO Health was required to accept the disposition of the shares with no discretion to accept or not accept the shares. Thus Frost was on far superior footing in making dispositions to OPKO Health.

## ALLEGATIONS AS TO DEMAND

13. Plaintiffs notified OPKO Health Inc. of the facts alleged above (the "Demand"). Attorneys for OPKO Health Inc. refused to request disgorgement of the profits from Phillip Frost M.D. et al and refused to file suit to recover such profits totaling $3,190,254 after 60 days had passed from the 60 day notices that were received by OPKO Health Inc.

14. The attorneys for OPKO Health Inc. in a letter to Plaintiff, alleged that the dispositions from Phillip Frost M.D. et al to OPKO Health Inc were exempt from Section 16 b of the 1934 Act via SEC Rule 16 b-3(e) and thus OPKO Health attorneys alleged that the dispositions on 1/31/2015 could not be matched with any of the non-exempt purchases between 9/23/2014 and 11/6/2014.

15. Also, Plaintiffs claim that there was no proper approval of the dispositions from Dr. Frost et al to OPKO Health Inc and there were no exemptions from Section 16 b of the 1934 Securities Act for these dispositions. Plaintiffs also claim that the SEC can not exempt transactions that are "comprehended within the purpose of section 16 (b)", which these disposition clearly are.

## PRAYER FOR RELIEF

16. WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be determined at trial, plus prejudgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

17. The amount to be at a minimum of $3,190,254 which is the total profit received from non exempt purchases and non exempt dispositions.

Respectfully Submitted

*John Olagues*
John Olagues

DATED this 16 th day of January, 2017.

*Ray Wollney*
Ray Wollney